Good morning, your honors. Frank Della Puente here for the claimant, Charles Guerrero, and I noticed that you increase the time for oral arguments to 15 minutes. Is that right? Yeah, 15 minutes. That's correct. I just noticed that this morning. This appeal is the fourth victim in the judgment of forfeiture of money, which the jury found was not proceeds, but instead only found that the money was used or intended to be used to facilitate an excuse for a controlled substance under 21 U.S.C. 881b6. We want you to order entry of a judgment returning the $11,500 to my client plus 9% interest from July 1, 2009 to pay for the money received. Counsel, what's the deficiency in the judgment? What's the problem with it? The problem with it is that ultimately it is based on a finding of a jury verdict of intended use. Right. What's wrong with that verdict? What's wrong with the verdict? We're saying the verdict is right. See, as I read your brief, you're saying there was sufficient evidence to support the verdict. Yes. But the result is unconstitutional. What? I must admit I'm baffled with your argument. Yes. When I go through this record, and I'll ask the government just a question, I'm not sure there's sufficient evidence to support this verdict. But you seem to concede that there is. Never raise that issue below. In your briefs on the appeal, you say there's sufficient evidence to support the verdict, but that the verdict under these circumstances is unconstitutional. So I'm totally not sure what your argument is, because I'm having difficulty with what you're arguing. I'm not saying the verdict is unconstitutional. I'm saying the jury found that the money wasn't intended to be used. Right. And was there sufficient evidence in the record to support the jury's finding that the money wasn't intended to be used in a drug crime? The argument I made on that point was that there was evidence of history of drug use by both Rosalie Chacarero and Charles Chacarero. There was a lot of evidence about Charles Chacarero dealing, buying and selling drugs in small amounts. We admitted or thought that Chacarero was a heroin addict. The evidence showed that Rosalie was a heroin addict, so the jury could have found, oh, they're going to use that money ultimately to buy drugs to sustain their habit. That's what we argued. So I'm not accustomed to your brief since Ward, and that's what troubles me. Your brief says there was sufficient evidence. In page 27 of your brief, you say there was sufficient evidence to support the jury's verdict that the money was intended to be used in a drug crime. Right. So that's right that you say it. If that's true, if the money really was intended to be used in a drug crime, then tell me why you're entitled to get it back. Because you cannot forfeit money or property just on the basis that somebody intended to do something with it. You have to have comment. Tell us my argument about this. If I understand your argument correctly, please correct me if I have it wrong, your argument is that since this is in the nature of a criminal section, it is held in the Austin case, and there cannot be a criminal sanction under the Assess of Fines clause for something that is merely an intent as opposed to an action. If there was no action involved, if all that the jury found was that your client intended to use this money in the future, intent alone cannot support a criminal sanction under the Eighth Amendment. Do I have that right? You don't, but we made the argument broader than that. We said intent cannot support any kind of sanction. In my argument towards the end of the brief, you can't get a traffic ticket for intending, thinking about crossing a red light. You have to cross the red light. You can't get an amendment. So other than the criminal, other than Robinson and perhaps a language in Powell, what authority do you have for the broader proposition? Because those are both in the criminal context. But you want to hear apparently even a broader assertion. What civil case do you look into? What's the scope of your position? I didn't portray civil case, but I would just put the court to civil litigation in general. For example, I argue that in negligence you can't collect damages. And unless somebody, in a negligence, I'm sure unless you show negligence, which is an act or a thing you've done or you should act, or negligence doesn't involve the state of mind necessarily at all. So it's a really different kind of situation. In the criminal context, it's the class requirement that there must be both the mens rea and the aptus. There's no similar doctrine in civil law. Well, sort of, Your Honor. In negligence, you will recall, you have to show somehow a person acting. Don't you think? No. All I have to show is that he was unreasonably careless. Even if he thought he was being careful. So let's use the criminal analogy. I want to understand your argument. Let's assume that I intend to buy a nuclear weapon. I intend to buy a nuclear weapon, and I amass money to do it. And it's evidence that I intend to use the money to buy a nuclear weapon. I can be criminally charged for that, can I not? If you take it to the point of attempt. Well, Your Honor, let's use a factual step. Can I be charged with the preparatory act? Part of the preparatory act is amassing the money to go buy the nuclear bomb. So I amass the money, I'm getting ready to buy the nuclear bomb. I assume I can be charged criminally at that point. That's right. You just used the word act. The word act is what is called a conspiracy. You did something to further. So my question is, is amassing the money a preparatory act that would allow the criminal charge? I don't think so. I don't think that would get you imprisoned or executed. Amassing the money. Well, Your Honor, that's not this case, though, is it? There was no evidence that they were amassing this money with the intent to use it for future purposes. That's right. And we're narrowing to 881-86, not even 8-7, or not even 9-8-18. You see 9-8-2. Regarding money laundering, we're a hoard of money without becoming proceeds. We're not taking it that far. We're just saying in the context of drug trafficking, 881-86, in the context of currency, not even a conveyance or other type of facility and property, you cannot. First of all, if you use the money to facilitate, it's going to be converted to proceeds. If you agree to what else, then the jury ultimately could only have found that the money was intended to be used by drugs. You cannot forfeit it. I have to ask you to help me here. Is this a constitutional argument or a statutory argument? It's sort of an application. I read the statute. The statute does contemplate that you can forfeit money that is intended to be used in a future drug crime. So the statute seems to say that in its face. Is your argument constitutional that that's what it says? That's applied. And furthermore, Your Honor, we have found no case. And why? Now, I'm not suggesting that I looked at every certain case. But in the research that I've done over the years, I've found no case where money was not proceeds and forfeited, and drug trafficking, not money laundering. Let me be really hypothetical and maybe put this in the government as well. So let's suppose that Mr. Guerrero showed up at Wal-Mart, at the parking lot of Wal-Mart with a sack, a paper sack that had $12,000 in cash in it. And another clerk pulls up next to him, and a man steps out who has a bag that's got heroin in it. At that point, the police intervene. Can the money be forfeited? It can't be forfeited. Excuse me, Your Honor, just to make sure I understand you. Guerrero has the money for the bag with $12,000, and a guy shows up with a bag with heroin. So in a corner of the Wal-Mart parking lot with an outcourt, put their cars adjacent to each other, each of them steps out with a paper sack. Yeah. And if necessary, I mean, we have text going between them that says, I'll meet you in Wal-Mart. Now, can the money be forfeited? Now you're adding to the problem. I'm not sure about that. Wouldn't it be an easy case for forfeiture because there was a conspiracy, and acts in fact were taken in force. Right. So it was a bad time. It was a bad time. Even if the money never exchanged. That's right. So he's still, so Guerrero's still in possession of the money, and there's a possibility that something will go wrong in the next 15 seconds before the police intervenes, who'll be in and solve things. Right. But it's not those sort of tests. It's where they have the sacks, it was intended because these are not proceeds of the suit being perfectly lawful money. That's right. Right. The truth is that Mr. Guerrero would not have an argument with forfeit money. Is that right? I'm sure he did that. I think what you're putting together is more than his intent to do something. Now there's a further test. If that's not a circumstance that's covered by the statute, then is there any circumstances where the statute is simply unconstitutional? Another example, the statute is completely constitutional if you use the money. Well, you use the money. When you use the money, that's different. That's right. The statute has, at my times, by my book, by one's choice. You have three minutes, and if you'd like to reserve the time while I'm being quite impressive, I'll get all these questions and we'll give you some time to respond. Okay. Good morning, Your Honors, and may it please the Court. Alexis Lane on behalf of the United States. I'd like to first address Justice Judge Hurwitz's point about the sufficiency of the evidence to support the findings. And for purpose of your argument, let's assume that your opponent has contested the sufficiency of the evidence. Certainly. Because I'm talking about whether there was sufficient evidence of intent to be used in the crime. Well, it's important to remember in the context of civil forfeiture cases such as this that the government only has to establish the forfeitability of the property by a preponderance of the evidence, and that preponderance of the evidence can be established by looking at the aggregate facts of the case and the totality of the circumstances. So what do you have here other than the fact that the man you arrested wasn't indeed a drug addict and drug dealer? There are a number of factors that have been considered by other cases to be. . . Well, tell them what's here. The factors here are the positive drug dog alert to the currency, a lack of legitimate sources of alternative income, the failure to file tax returns. Well, this is all, I think what Judge Hurwitz is getting at, is that people may think that the money may have been the proceeds of a drug crime, but that's what the jury did not find. They specifically rejected that approach. So now you have a bunch of money that the jury has not concluded was the proceeds of a drug crime. And people spend money for hundreds of different things. These people presumably had to spend money for food. They had to spend money for shelter. They had to spend money for any of the hundred things that every human being has to spend money on. What reason is there to believe that they were only spending on drugs? Well, Your Honor, it's important to also note that what the jury found in the civil forfeiture case was that the property was either used or intended to be used to facilitate a drug trafficking crime. And contrary to Appellant's argument, there are plenty of ways that cash can be used to facilitate a drug trafficking crime. Well, the jury found that. I think the question that we're trying to focus on is, what evidence was there from which the jury could find that? Evidence that the jury found that this cash was not the proceeds of a drug crime. Well, for example, the fact that the claimant attempted to post bail to get his wife, Ms. Rosalie, for her out of jail. Well, of course he would post bail to get his wife out of jail. Why does that show that this pile of money, $11,000, was intended to be used or was to be used in a drug crime? A bailing your wife out of jail is not a drug crime, right? Actually, I find, are you saying that if someone uses money to exercise their constitutional right to bail or their wife's constitutional right to bail, that that is facilitating a drug crime? I'm simply stating the evidence that was presented to the jury to support their finding that the property was either used or intended to be used to facilitate a drug crime. Property intended to be used. What are the chances that this $11,500 was intended to be used for a drug crime when Woods walks into a police station, sits on the counter in front of a police officer, and says, I'm here to bail out Rosalie Guerrero. What are the chances that that money is going to be used to facilitate a drug crime? It's zero. The police are going to take it, they're going to put Rosalie Guerrero out, and they now have the money. That may be true, Your Honor, and that's why it's important not to overlook the other pieces for the jury's finding, which was that the property could have been used to facilitate a drug trafficking crime in addition to the potential that it might have been intended to be used. So your argument is that the property was used to facilitate a drug trafficking crime? The position of the government is that the jury instructions and the verdict form that provided for it... I understand the jury had altered it, but I'm focusing now on sufficiently the evidence. So far, I haven't heard anything from you that suggests that the evidence of money was intended to be used in a drug crime. Certainly, at the moment that you slapped it on the counter, it's the Lord's intent to use it in a drug crime. I haven't heard of any evidence that it was intended before now. So tell me what evidence there was that it was used to facilitate a drug crime. The jury was presented with, as I said and as were stated in the brief, a number of factors that the jury... I know. Tell me what facts support the jury's finding that this money either was used or was intended to be used in a drug crime. The fact that he had no other means of support doesn't help me because, frankly, that suggests to me these were proceeds of a drug crime. But the jury doesn't tell me they're intended to be used in the future or were used. Just focus on the facts in front of the jury that support this verdict and tell me what they are. Well, the facts in front of the jury are the large amount of cash stored suspiciously, that the history of convictions for drug crimes of both the claimant and his wife, were found with distribution of quantity levels of controlled substances near the time of the seizure of the property. The fact that the wife, a few weeks after the property was seized, was found in possession of heroin while she was in custody. So given those facts, I'm sorry, could you go off on your own? The fact that Clarence himself was convicted for distribution of heroin later that same year, all those facts, the totality of the circumstances, could support a jury finding that the property was more likely than not. So if all those facts could support that finding, is the government's position that any time you find somebody in Mr. Guerrero's situation, a known drug dealer, a known user, with money, you're entitled to forfeit it? Well, it is an important distinction, Your Honor, between being a simply a drug user and a drug dealer. Okay, I'll amend my question. Every time you arrest a drug dealer, is the government entitled to forfeit any money it finds from the drug dealer in the absence of any other proof of use? No, Your Honor, that would not be the case. The forfeiture statute clearly contemplates that the government has to connect the property being seized with some underlying drug trafficking crime. And in fact, when the government proceeds on a facilitation theory, it has to show, under CAFRA, a substantial connection between the property and the drug dealer. Well, what I'm having difficulty with is, I understand what you're saying, but the facts that you think are sufficient to support this verdict, it seems to me, would be sufficient to take the money, forfeit the money, from any drug dealer you have in your arrest without any proof. And so tell me why that's not true. It's not true because it's up to the jury. It's based on the totality of the circumstances. But you've just given me all the circumstances. You've said these are all the circumstances. I'm saying, fine, those are all of them. If you're right about that, why isn't it also true that the police can find a drug dealer and no drug dealer will not have any evidence that he helped to commit a crime? And say, you've got any money on you? And the police says, yes. Take it and forfeit it because this totality of circumstances gives rise to forfeiture, Your Honor. It depends on the assessment of the evidence at hand and the totality of the circumstances whether or not that substantial connection can be proved. But that substantial connection requirement does provide a backstop that not every potential drug user who has possession of any type of property is liable to have that property seized. How can you say this is a bus pass? Not if there's not a showing that the bus pass is substantially connected to an underlying drug trafficking crime. Again, that's probably insufficient, but that's also why CAFRA provides the backstop of the proportionality analysis as contemplated by the Austin case that Appellant cites. CAFRA codified that and provided that when the government forfeits property on the basis of facilitation theory, the claimant to that property can petition the court to determine whether or not that forfeiture would be disproportionate to the underlying crime. So, for example, if it's simply a bus pass that was used one time without any real clear connection, they might find based on the proportionality analysis in some circumstances that it might be disproportionate. But the actual statute requires the government to prove by preponderance of the evidence that there is a substantial connection between the property being seized. And in this case, as the court noted, Appellant has not challenged those issues. I have a question about that, which maybe it wasn't one of the issues briefed, so you may not have an answer, but assuming for the sake of argument that the evidence did not support the charge or that the jury found the particulars favorably to the government, but assume, as is the case, that the defendant nonetheless did not raise that issue and indeed conceded erroneously that there was sufficient evidence, are we bound by the concession and by the failure to raise it? Or if by happenstance we do our own inquiry and we find it's not sufficient, do we still have the discretion to say the evidence was not sufficient? Well, it is established in the case law that the Appellant Court is not to determine the credibility of witnesses and things like that. I'm not saying that. I'm saying if he applied to the evidence, if there's some argument, though, that if he had challenged the sufficiency, both at the district court level and therefore we had applied this danger to take it most favorably to you and we had found, my gosh, there wasn't enough evidence, but now you add the different aspect that he did not challenge it below and he did not challenge it on appeal. Nevertheless, for whatever reason, the court takes a look at it, applies the right standard, finds that it's insufficient. Are we bound by his concession, his waiver, or do we have the discretion to say, notwithstanding that discretion, the evidence here just doesn't support the charge? I believe it would be appropriate for this court to be bound by the concession here, although I have not studied the case law in that area. But Appellant's district court has rules providing for the claimant to challenge the sufficiency of the evidence, and Appellant here either filed a Rule 15a motion or a Rule 15b motion challenging the evidence. In fact, the claimant jointly submitted the jury instructions and the verdict form, never challenged the sufficiency of the evidence, and that was only until after the judgment was entered did he raise the constitutional issue, and as the court has noted, at no point has he actually challenged the sufficiency of the evidence. Can we operate under the rules of civil procedure here? This is a civil matter? Yes. And if this were an ordinary civil case, and the party below never challenged the sufficiency of the evidence, would it be able to raise an appeal? Typically, there would be a waiver if there was no 15a motion or no 15b motion. You would have waived the opportunity to challenge the sufficiency of the evidence in destroying the belated Rule 59b motion that was filed here as a Rule 15b motion that most of this court should be working by. My question, just so you're clear, I have no doubt that if we need to, we can find a waiver if we, that he's not raised the issue, et cetera, et cetera, et cetera. My question is, are we absolutely bound by that? There are situations like this where the Court of Appeals is responding and has made determinations or raised issues that were not raised at all. But this is not quite like those situations either because typically they aren't affirmatively waived. So my question is not whether we have the choice to exceed the waiver. Obviously, we can do that. The question is whether we're bound by the waiver. I believe the Nicco-Holden Corp case from the 9th Circuit in 2007 says that when there's no 15a motion or a Rule 15b motion, that should be strictly construed and the argument should be waived. And I think the Court should be bound by that affirmative waiver of the argument challenging the sufficiency of the evidence here. And in this case, there was sufficient evidence that the claimant and his wife had engaged in a history of drug dealing. They were found with possessions. They were found in possession of distribution-level quantities of drugs at the time the money was seized. There was a positive drug dog alert to the currency. If they had no legitimate source of income, it was very reasonable for the jury to conclude that it was more likely than not that that property had been used to facilitate a drug crime. Do we have some further questions on this amendment? Thank you, Ms. Mayer. Thank you. Mr. Davis, I think you have time remaining. Mr. Taylor, why don't you come up? So I have a question for you. So in our colloquy with you a few years ago, we focused mostly on the question of whether the money was intended to be used. We've already pointed out that, of course, the statute says that the jury could prove also that it was used to facilitate drug trafficking. So it was done in the past. And the slightly different question, proceeds, the jury clearly finds in your favor, says, well, we have some questions whether these are proceeds, but this money clearly has been used in the past to facilitate. So what's wrong with that? Why is there sufficient evidence? And what would be the right constitution for it? I'm not saying there's sufficient evidence that the money was used. We're saying that the evidence supports that the money was not used to facilitate a drug transaction. We argue that logically. I'm not going to go through the logical exercise, but we also argue from an evidentiary standpoint that the sequence that the jury heard was started with an accident. There was an accident that arose to the end, and she recolored the personal injury benefits, and the jury was also told about what happened to that money. And then there was all the stuff about selling and selling drugs. And you read all that. It's a fucking card. So it's a class book. The jury said, okay, so the Barreros have some cash here. They came into the jury money. But we've also heard lots of evidence from the Barreros who were very frank about their drug problems. They were frank about their convictions. They were frank that they were dealing drugs. They weren't just buying drugs. Someone else was dealing. But Indra saw it, that the Barreros, that at least one of the Barreros she was using, he was using, and he was clearly dealing drugs. He was flipping drugs. And he was in prison for a period of three years, during which from the time that Rosalie got the money until January 2009, Chuck Barrero was in prison from 2006 to 2009. So they wouldn't have had to use the money that she got, assuming that she got it from the insurance proceeds and from the flipping cars business. That's what she said she had. If we just used her just a little bit, then doesn't that come within the statute? Wouldn't it have been used to facilitate drug trafficking? And wouldn't that be sufficient to forfeit this? Well, that's a good question, Judge. I thought about that. If I have an album right here, and you can see, and I used the top bill, the top $20 bill to get somebody, geez, I think that's what you're thinking, Robert, to buy drugs. Do you forfeit the whole amount? And I say no. Good to hear you. Good to hear you. I've also wondered why a family that was so indecenious that they were living on the couch of some friend would have $12,000 and a $100 bill stashed under the floorboards, and why they wouldn't use that to get an apartment, pay for food. They were on food stamps. They were living in woods, apartments. It's very exciting, isn't it? We just don't believe you. Well, your point about that you just used a little bit, isn't that just a seizure of the total amount because of a tiny use, a small amount, forbidden by the excessive filing clause of the Constitution. Isn't that all? What that clause is really and is very hard all about. That would be true. Yes. And also, the example I use where you seize the whole amount, it is if you had commingled proceeds of drugs. But remember the evidence here is that none of this money, it was proceeds that was going to your friend's church. So that's why, yes, you could not forfeit it, not the whole thing on the grounds of any commitment, but also because it's not proceeds. I don't want to go into the context. It's a different story. No need to go there. I just actually want to wind up with this argument. We're not saying the evidence is sufficient. We're saying that jury could have found from the evidence that Chuck Norrell and Dindo or Rosalie intended to buy drugs could have found that. But we didn't make the argument against the jury for it because we thought, you know, it's a possibility. That's a real uphill to get a court to overturn a jury verdict. I'm saying it's insufficient. Unless you truly can. I can truly look at you in the eye and say it was insufficient evidence. I can't. I'm saying there was enough of a jury to think, ultimately, they're going to use that money to buy drugs. Thank you, Mr. Dindo. That will come before the argument. United States v. Guerrero is submitted. And the next piece on the oral argument calendar is Cartel v. Lane County.
judges: Bybee, Hurwitz, Rakoff